UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-58-BR
No. 5:18-CV-212-BR

| | | |
|---|---|---|
| SHAWNTANNA LEMARUS THOMPSON, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | ORDER |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 64.) Petitioner has filed a response in opposition to the government's motion. (DE # 67.)

In 2015, pursuant to a plea agreement, petitioner pled guilty to possession of marijuana with intent to distribute and being a felon in possession of a firearm. The court sentenced petitioner to a total term of imprisonment of 120 months. Petitioner appealed his sentence. In 2017, the Fourth Circuit Court of Appeals affirmed. (DE # 55.)

Petitioner timely filed his § 2255 motion on 14 May 2018. (DE # 60.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard

requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts the following claims: (1) in violation of 18 U.S.C. § 3582(a), the court lengthened petitioner's sentence so that he could receive mental health treatment while incarcerated, (Br., DE # 60-1, at 4); (2) in varying from the applicable sentencing guidelines, the court misunderstood the extent to which it could vary downward, (id. at 9-10); and, (3) ineffective assistance of trial and appellate counsel for failing to object to the error underlying the first claim or to raise that error on appeal, (id. at 11). The government argues that the post-conviction waiver in the plea agreement bars petitioner's first two claims.[1] It argues petitioner's third claim fails because petitioner cannot satisfy the standard for constitutionally ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).

The court first considers whether petitioner waived any of his habeas corpus claims. A defendant may waive not only his right to appeal his conviction and sentence but also the right to attack his conviction and sentence collaterally, provided the waiver is knowing and voluntary. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The scope of the waiver governs the issues considered on appeal and/or collateral review. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

---

[1] The government also argues petitioner defaulted these claims because he did not raise them on direct appeal. The court does not address this argument because the court concludes petitioner waived them in the plea agreement. See infra.

2

In his plea agreement, petitioner "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." (DE # 32, at 1-2.) Petitioner's first two claims are based on a violation of 18 U.S.C. § 3582(a), which concerns the factors a court may consider at sentencing, and on the extent the court could have varied downward in imposing petitioner's sentence. Accordingly, both claims fall within the scope of the waiver, and the court cannot consider them now on collateral review. However, petitioner's ineffective assistance of trial and appellate counsel claim is excepted from the waiver, and the court considers whether petitioner has stated such a claim.

To establish a claim for ineffective assistance of counsel, "a defendant must prove (1) 'that his counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013) (quoting Strickland, 466 U.S. at 694) (alteration omitted).

> [A] lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." "[T]he reasonableness of counsel's challenged conduct," in turn, is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690, 104 S.Ct. 2052. To guard against hindsight bias and unfair "second-guess[ing]," a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052.
> The range of reasonable professional assistance is just as wide on direct appeal as it is at trial. In particular, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Indeed, requiring counsel to raise every claim, or even a multiplicity of claims, runs the risk of detracting from contentions that may be truly meritorious. Appellate counsel accordingly enjoys a "presumption that he decided which issues were most likely to afford relief on appeal," a presumption that a defendant can rebut "only when ignored issues are clearly stronger than those presented."

3

Id. (citations omitted). "To show prejudice, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 320 (citation omitted).

Here, the government does not contend that petitioner does not plausibly allege prejudice. Rather, it argues counsel acted reasonably at sentencing and on appeal. Specifically, the government suggests trial counsel "chose[] not to challenge the factors on which the Court based its sentence because the Court essentially gave defense counsel what was requested." (Mem., DE # 65, at 4.) The government also suggests appellate counsel chose not to raise the issue on appeal because of the appeal waiver in the plea agreement. (Id.) In the absence of sworn statements from counsel, the court does not know what counsel's thoughts were on these subjects, which conceivably amount to strategic decisions. At this stage of the proceedings, the court accepts petitioner's allegations and concludes he has stated a claim of ineffective assistance of counsel.

For the foregoing reasons, the government's motion to dismiss is ALLOWED IN PART and DENIED IN PART. Petitioner's first two claims are DISMISSED. Petitioner's claim for ineffective assistance of trial and appellate counsel remains. Within 30 days, the government shall file an answer to the § 2255 motion. Any motion for summary judgment shall be filed within 60 days.

This 15 May 2019.

                                          W. Earl Britt
                                          Senior U.S. District Judge