UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-58-BR
No. 5:18-CV-212-BR

| | |
|---|---|
| SHAWNTANNA LEMARUS THOMPSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

This matter is before the court on the government's motion to dismiss petitioner's amended 28 U.S.C. § 2255 motion. (DE # 107.) Petitioner filed a response in opposition to the government's motion. (DE # 110.)

## I.  BACKGROUND

In 2015, pursuant to a plea agreement, petitioner pled guilty to possession of marijuana with intent to distribute and being a felon in possession of a firearm. The court sentenced him to a total term of imprisonment of 120 months. Petitioner appealed his sentence. In 2017, the Fourth Circuit Court of Appeals affirmed. (DE # 55.)

Petitioner timely filed his initial § 2255 motion on 14 May 2018, (DE # 60), asserting three claims, (Br., DE # 60-1, at 4-12). On the government's motion to dismiss, the court dismissed the first two claims and allowed the third claim—ineffective assistance of counsel—to proceed. (5/15/19 Order, DE # 75.)

The government then filed an answer, (DE # 79), and a motion for judgment on the pleadings, (DE # 83). The Office of the Federal Public Defender entered a notice of appearance

on behalf of petitioner pursuant to Standing Order No. 20-SO-2 (E.D.N.C. Feb. 14, 2020), for purposes of potentially obtaining relief on behalf of petitioner pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). (DE # 95.) Thereafter, on counsel's motion to withdraw, the court appointed new counsel to represent defendant. (3/31/20 Order, DE # 97.)

With the assistance of counsel, petitioner filed his amended § 2255 motion. (DE # 101.) Because that motion superseded the initial § 2255 motion, the court denied the government's motion for judgment on the pleadings and directed the United States Attorney to file an answer or other appropriate response to the amended § 2255 motion. (6/15/20 Order DE # 103.) On the government's motion, the court stayed this proceeding pending the decision in United States v. Gary, No. 20-444 (U.S.). (3/23/21 Order, DE # 106.) After that decision issued, the government filed the instant motion to dismiss.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim in his amended § 2255 motion entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts the following claims in his amended motion: (1) ineffective assistance of trial and appellate counsel due to their failure to challenge petitioner's sentence based on Tapia v. United States, 564 U.S. 319 (2011), (DE # 101, at 4); (2) the court failed to advise petitioner of the elements of being a felon in possession of a firearm, in violation of Rehaif and Gary, (id. at 5); and (3) petitioner was not a felon for purposes of 18 U.S.C. § 922(g)(1), (id. at 7). He requests that he be resentenced on the controlled substance offense and that his conviction for being a felon in possession of a firearm be vacated. (Id. at 12.)

### A. Ineffective Assistance of Counsel Claim

Petitioner's first claim raises ineffective assistance of counsel. To establish such a claim, "a defendant must prove (1) 'that his counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013) (citation and alteration omitted).

> [A] lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured against "prevailing professional norms." "[T]he reasonableness of counsel's challenged conduct," in turn, is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." To guard against hindsight bias and unfair "second-guess[ing]," a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."
>
> The range of reasonable professional assistance is just as wide on direct appeal as it is at trial. In particular, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" Indeed, requiring counsel to raise every claim, or even a multiplicity of claims, runs the risk of detracting from contentions that may be truly meritorious. Appellate counsel accordingly enjoys a "presumption that he decided which issues were most likely to afford relief on appeal," a presumption that a defendant can rebut "only when ignored issues are clearly stronger than those presented."

Id. (citations omitted). "To show prejudice, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 320 (citation omitted).

Petitioner contends that trial counsel should have objected to petitioner's sentence under Tapia at the time the court imposed it and appellate counsel should have raised the issue on appeal. (Resp., DE # 110, at 2.) In Tapia, based on comments made during the defendant's sentencing hearing, the sentencing court appeared to have lengthened the defendant's term of imprisonment for her to qualify for and complete drug treatment under the Bureau of Prison's ("BOP") Residential Drug Abuse Program. 564 U.S. at 321-22. On appeal, the Court recognized that pursuant to 18 U.S.C. § 3582(a), rehabilitation may not be used as justification for imprisonment—either imposition, or determination of the length, of a term. Id. at 327; see also id. at 328 ("§ 3582(a) says: A sentencing judge shall recognize that imprisonment is not appropriate to promote rehabilitation when the court considers the applicable factors of § 3553(a)(2); and a court considers these factors when determining both whether to imprison an offender and what length of term to give him."). Although the Court found that the sentencing court may have improperly calculated the length of the defendant's sentence to ensure she received certain rehabilitative services and thus reversed, id. at 334-35, the Court noted those aspects of sentencing of which it did not disapprove:

> A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters. And as noted earlier, a court may urge the BOP to place an offender in a prison treatment program. Section 3582(a) itself provides, just after the clause at issue here, that a court may "make a recommendation concerning the type of prison facility appropriate for the defendant"; and in this calculus, the presence of a rehabilitation program may make one facility more appropriate than another. So the sentencing court here did nothing wrong--and probably something very right--in trying to get [the defendant] into an effective drug treatment program.

4

Id. at 334 (citation omitted).

Indeed, as the Fourth Circuit Court of Appeals emphasized, "*Tapia* does not prevent a district court from considering [rehabilitation] in the course of a sentencing proceeding. Instead, *Tapia* stands for the proposition that a court cannot impose or lengthen a sentence to further a rehabilitative purpose." United States v. Lemon, 777 F.3d 170, 173 (4th Cir. 2015) (citations and internal quotation marks omitted). In short, "the presence of *Tapia* error turns on 'whether a sentencing court's reference to rehabilitative needs [is] causally related to the length of the sentence.'" Id. at 174 (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 174 (1st Cir. 2014)).

According to petitioner, contrary to Tapia, the court imposed the 120-month sentence of imprisonment to "guarantee" petitioner would receive mental health treatment, and therefore, counsel should have challenged the issue. (Resp., DE # 110, at 3.) Further, petitioner claims that the court should take notice of the fact that the BOP has not afforded him any mental health treatment, and had the court been aware that would be the case, the court may have varied downwardly even further, thereby showing the error prejudiced him. (Id. at 3-4.) In opposition, the government argues that the court did not commit a Tapia error nor was petitioner prejudiced by any such error. (Mem., DE # 108, at 9-13.) To resolve the issue, the court reviews the relevant aspects of petitioner's sentencing.

The primary arguments at sentencing centered on petitioner's request for a downward variance from the guideline imprisonment range of 130 to 162 months. Petitioner's trial counsel emphasized petitioner's history and characteristics, including his academic issues, numerous mental health issues, and the fact that he had never received proper treatment and care for those issues. (See 11/2/15 Tr., DE # 53, at 18-20.) She requested that the court "give him a sentence

5

that's sufficient that takes into account all of this stuff, his struggles in his life, and his troubled upbringing." (Id. at 22.) Further, she asked that petitioner receive mental health and substance abuse treatment and job training and that he be designated to FCI Butner. (Id.) In contrast, the government argued for a guideline sentence based on other aspects petitioner's history, namely his prior criminal history and that he failed to avail himself of the opportunities offered in the state court system for vocational rehabilitation and abuser and substance abuse treatment. (Id. at 24-25.)

Before imposing petitioner's sentence, the court stated, "[T]his defendant is Exhibit [1] for society, and our legislators, and our congressman, and other government officials on why it makes sense to be spending more money on mental health treatment and substance abuse treatment than all the money we are pouring into prisons." (Id. at 25-26.) The court sentenced petitioner to 120 months imprisonment, explaining the court varied downwardly specifically because

> the defendant has suffered from significant mental and emotional health problems since his childhood, which include attention deficit hyperactivity disorder, depression, psychotic disorder, and posttraumatic symptoms that include paranoid thinking, chronic fears, suicide attempts, and panic attacks. Furthermore, defendant was physically abused by his father and verbally abused by his mother. These significant factors were unaccounted for by the advisor[y] guideline calculations.

(Id. at 26.) "Consequently," the court concluded, "a sentence of 120 months in prison is sufficient, but not greater than necessary to provide just punishment for the offense, promote respect for the law, and to provide the defendant with needed medical care and treatment." (Id. at 26-27.) The court recommended that petitioner serve his sentence at FCI Butner (where there is a medical center), receive mental health evaluation and treatment, and be afforded educational, technical, and vocational opportunities. (Id. at 27.)

Finally, after the court placed petitioner in custody, the court stated to petitioner:

6

> I seriously considered giving you a shorter sentence, but I really think that the best mental health treatment and educational training opportunities you can get are going to be in the Federal Prison System. I really do. I've cut your sentence significantly in recognition of the problems that you had, as I announced in passing your sentence, but I think that the time that I have arrived at is really in your best interest, and I certainly hope it is, and I hope you can get some help.

(Id. at 28.)

Considering the totality of the circumstances, and with particular emphasis on the fact that the court made the pertinent comments in the context of justifying a downward variance, the court concludes it did not impose or lengthen petitioner's sentence of imprisonment to ensure that he would receive treatment, in violation of Tapia. As such, trial counsel was not deficient in failing to raise this issue at sentencing. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance."). Appellate counsel was not deficient in failing to raise the issue because petitioner waived the right to appeal this issue under his plea agreement (the validity of which petitioner does not challenge). (See Pl. Agreement, DE # 32, ¶ 2.c.) Cf. United States v. Lytle, 463 F. App'x 196 (4th Cir. 2012) (per curiam) (dismissing appeal of alleged Tapia error based on waiver of appellate rights in the plea agreement).

Alternatively, even if the court committed a Tapia error, petitioner was not prejudiced by trial counsel's conduct. Had trial counsel objected at the time of sentencing to the court's imposition of imprisonment based on mental health treatment, there is not a reasonable probability the court would have imposed an even *lower* sentence of imprisonment, or none at all. At sentencing, the court was clearly troubled by petitioner's mental health and childhood abuse issues, which the court accounted for by downwardly varying. However, the court was likewise concerned about providing just punishment and promoting respect for the law. The fact that *since* sentencing petitioner has not received any mental health treatment does not change this
7

conclusion. Because petitioner cannot show counsel performed deficiently or that he was prejudiced, his first claim fails, and the court will dismiss it.

## B. Rehaif/Gary Claim

Petitioner has withdrawn his second claim in light of the decision in United States v. Gary, 141 S. Ct. 2090 (2021). (Resp., DE # 110, at 4.)

## C. Felon Status Claim

Petitioner claims that he was not a felon for purposes of 18 U.S.C. § 922(g)(1), and therefore, his conviction for violating that statute should be vacated. Specifically, he contends that based on United States v. Smith, 939 F.3d 612 (4th Cir. 2019), his prior North Carolina convictions for assault inflicting serious bodily injury and being a felon in possession of a firearm do not qualify as felonies. (Am. Mot., DE # 101, at 7.) The court agrees with the government that this claim fails on the merits.

In Smith, the Fourth Circuit Court of Appeals examined whether a conditional-discharge plea to a felony pursuant to N.C. Gen. Stat. § 15A-1341(a4)[1] is a conviction for purposes of 18 U.S.C. §§ 921 and 922. See 939 F.3d at 613-14. The court held it was not and therefore

---

[1] This provision provides:
> Whenever a person pleads guilty to or is found guilty of a Class H or I felony or a misdemeanor, the court may, on joint motion of the defendant and the prosecutor, and without entering a judgment of guilt and with the consent of the person, defer further proceedings and place the person on probation as provided in this Article for the purpose of allowing the defendant to demonstrate the defendant's good conduct if the court finds each of the following facts:
> (1) Each known victim of the crime has been notified of the motion for probation by subpoena or certified mail and has been given an opportunity to be heard.
> (2) The defendant has not been convicted of any felony or of any misdemeanor involving moral turpitude.
> (3) The defendant has not previously been placed on probation and so states under oath.
> (4) The defendant is unlikely to commit another offense other than a Class 3 misdemeanor.

N.C. Gen. Stat. § 15A-1341(a4). At the time of petitioner's 2005 and 2013 North Carolina convictions at issue here, the provision varied slightly. Cf. N.C. Gen. Stat. § 15A-1341(a1) (1999 & 2013).

reversed the defendant's federal conviction for being a felon in possession of a firearm. Id. at 618.

Here, however, petitioner did not enter a conditional-discharge plea under this state law. In 2005, petitioner pled guilty to assault inflicting serious bodily injury, and judgment was entered whereby petitioner received a suspended sentence of 16 to 20 months imprisonment and was placed on probation for 36 months. (Mem., Ex. 1, DE # 102-1, at 1.) In 2006, the court entered judgment revoking petitioner's probation and activated petitioner's sentence of imprisonment. (Id. at 5.) Petitioner was discharged from custody in 2007. (Revised PSR, DE # 41, ¶ 17.) In 2013, petitioner pled guilty to being a felon in possession of a firearm, and judgment was entered sentencing him to 19 to 23 months imprisonment. (Mem., Ex. 2, DE # 102-2, at 5.) Petitioner was discharged from custody later that same year. (Revised PSR, DE # 41, ¶ 27.) The state court did not impose a conditional discharge for either of these offenses, and therefore, Smith is not relevant. These state convictions were for crimes punishable by imprisonment for a term exceeding one year, see 18 U.S.C. §§ 921(a)(20), 922(g)(1), and were final judgments before he committed the federal offense of being a felon in possession of a firearm in 2014, cf. Smith, 939 F.3d at 615-16 (recognizing that North Carolina's own "felon-in-possession ban defines 'conviction' as 'a final judgment in any case in which felony punishment, or imprisonment for a term exceeding one year ... is authorized, without regard to the plea entered or to the sentence imposed.' Smith's guilty plea and conditional discharge—as required by statute—was done 'without entering a judgment of guilt.' And without entry of a judgment, and until the anticipated 'further proceedings' take place, the conditional discharge does not lead to a final judgment." (citations and footnote omitted)). Petitioner's third claim will be dismissed.

## III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss is ALLOWED. Petitioner's first and third claims are DISMISSED WITH PREJUDICE. Petitioner's second claim is deemed WITHDRAWN, and therefore the court did not consider its merits. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 30 September 2021.

W. Earl Britt
Senior U.S. District Judge